DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/Cross-Appellee, Jacqueline Peters, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which entered a judgment of divorce. This Court affirms in part, reverses in part, and remands for proceedings consistent with this opinion.
 I. {¶ 2} The parties were married on July 29, 1989. Two children were born as issue of the marriage. On June 18, 2001, the appellee/cross-appellant, David Peters, filed a complaint for divorce. On July 6, 2001, appellant filed a counterclaim for divorce.
 {¶ 3} During the trial, the parties entered into an agreement regarding the division of property and marital debts, which the trial court incorporated into the final decree. Therefore, the only issues before the trial court were spousal support and child support.
 {¶ 4} The trial court awarded appellant spousal support in the amount of $7,500 per month. Appellee was ordered to pay child support in the amount of $5,500 per month.
 {¶ 5} Appellant timely appealed, setting forth three assignments of error for review. Appellee cross-appealed, raising one assignment of error for review. This Court will first consider appellant's appeal.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court abused its discretion in failing to increase its award of temporary support to appellant."
 {¶ 6} In her first assignment of error, appellant argues that the trial court erred in denying her motion to modify the temporary support order entered into by the parties on December 7, 2001.
 {¶ 7} Courts have acknowledged that the purpose of temporary support is "to preserve the status quo during the proceeding."DiLacqua v. DiLacqua (1993), 88 Ohio App.3d 48, 54, citingKahn v. Kahn (1987), 42 Ohio App.3d 61, 68). "Temporary orders are not `final', and for that reason we have no jurisdiction to affirm, modify, or reverse them. Any error they might involve is, therefore, moot for purposes of appellate review." Carlton v.Carlton (Mar. 2, 1994), 2nd Dist. No. 13837. See, also, Levi v. Levi (Aug. 26, 1997), 5th Dist. No. 97-CA-22.
 {¶ 8} Therefore, this Court finds that appellant's argument that the trial court erred in failing to modify the temporary support agreement entered into by the parties on December 7, 2001, is moot. See App.R. 12(A)(1)(c).
 SECOND ASSIGNMENT OF ERROR
"The trial court abused its discretion in its award of spousal support to appellant."
 {¶ 9} In her second assignment of error, appellant alleges that the trial court abused its discretion by awarding her $7,500 per month in spousal support for a period of 36 months. Appellant sets forth three reasons to support her argument that the trial court erred in its determination of spousal support: (1) the trial court erred in its determination of appellee's average income; (2) the trial court erred in determining the amount of its spousal support award to appellant; and (3) the trial court erred in determining the duration of its spousal support award to appellant. This Court agrees in part and disagrees in part.
 {¶ 10} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C.3105.18(B). This Court reviews a spousal support award under an abuse of discretion standard. Schindler v. Schindler (Jan. 28, 1998), 9th Dist. No. 18243. An abuse of discretion is more than an error of law or judgment, and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621.
 {¶ 11} A trial court has wide latitude in awarding spousal support; however, a court's determination is controlled by R.C.3105.18(C)(1). Abram v. Abram, 9th Dist. No. 3233-M, 2002-Ohio-78. R.C. 3105.18(C)(1) provides:
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17] of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
A trial court is bound to consider all the factors contained in R.C. 3105.18(C)(1) in awarding spousal support; however, the amount of support remains within the discretion of the trial court. Moore v. Moore (1992), 83 Ohio App.3d 75, 78. "As long as the record reflects that the trial court considered the factors in 3105.18(C)(1), the award for spousal support will be upheld." Fisher v. Fisher, 3rd Dist. No. 7-01-12, 2002-Ohio-1297.
 {¶ 12} Appellant first argues that the trial court erred in its computation of appellee's average income which it used in determining the amount of spousal support it ordered appellee to pay. This Court disagrees.
 {¶ 13} Appellant does not challenge the trial court's decision to average appellee's income before determining his spousal and child support obligations. Rather, appellant argues that the trial court erred in considering appellee's income earned in 1994 and 1995, and in not including the income appellee earned in 1999 and 2000 when computing his average income. With regard to the amount of income appellee earned in 1994 and 1995, appellant's argument is without merit. The record shows that the trial court did not consider appellee's income earned in 1994 and 1995.
 {¶ 14} The trial court considered appellee's income earned from 1996, the year he was promoted to the position of office manager, through the date of the trial. Due to appellee's fluctuating income, the trial court removed the two years in which appellee earned the highest income, 1999 and 2000, before computing appellee's average income. Appellant argues that the trial court should have included the income appellee earned in 1999 and 2000 when determining appellee's average income. To compute appellee's income the trial court did not consider the two lowest years or the two highest years of earnings. Although, this Court may have used a different method of calculating appellee's income, we cannot say that the trial court abused its discretion in not including appellee's earned income in 1999 and 2000.
 {¶ 15} Secondly, appellant challenges the trial court's determination as to the amount of spousal support she was entitled to receive. In addition to reiterating her argument that the trial court erred in computing appellee's average income, appellant contends that the trial court abused its discretion in considering other factors under R.C. 3105.18(C).
 {¶ 16} Appellant does not support her arguments with case law but rather submits numerous contentions that the trial court came to the wrong conclusions when applying the law. "Disagreeing with the trial court's conclusions, without a showing of the unreasonableness, arbitrariness, or unconscionability of the trial court's actions, is insufficient to demonstrate an abuse of discretion." Fisher.
 {¶ 17} The record reflects that the trial court considered the factors in R.C. 3105.18(C)(1). The trial court discussed its findings and its rationale over the course of nine pages in the judgment entry. The record does not indicate that the trial court acted unreasonably, arbitrarily, or unconscionably or in a manner that would demonstrate something more than a mere error of law or judgment. Blakemore, 5 Ohio St.3d at 219.
 {¶ 18} Appellant also contends that the trial court erred in ordering appellee to pay spousal support for only three years. This Court agrees.
 {¶ 19} The Supreme Court of Ohio has specifically provided certain factors to consider when determining the appropriate duration of spousal support in divorce cases.
"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Kunkle v. Kunkle,51 Ohio St.3d 64, paragraph one of the syllabus.
 {¶ 20} The parties in this case were married for approximately 13 years. Although the parties' marriage is of a relatively long duration, the parties are not of an advanced age, and appellant is not without opportunity to develop meaningful employment outside the home. However, appellant has been out of the work force for over eleven years. She is currently pursuing a teaching degree, which will take approximately four and one-half years to complete. The trial court's order provides for spousal support for three years. This Court finds that the trial court erred in failing to provide spousal support for appellant until she completes her education and obtains employment. See R.C.3105.18(C)(1)(k).
 {¶ 21} Additionally, this Court notes that appellant has been the primary caregiver of the parties' two children and continues to be in addition to pursuing an education. The ages of the parties' two children are approximately 12 and 8 years old. The record reveals that the parties' eight-year-old suffers from asthma, which causes her to miss school more frequently than a normal child. In Robinson v. Robinson (May 8, 1998), 2nd Dist. Nos. 16613 and 16614, the Second District Court of Appeals upheld an award of spousal support for six years following a seven and one-half year marriage. In reaching its decision, the Second District considered the ages of the children, the fact that the mother had been a full-time homemaker since their birth, the relatively high standard of living enjoyed during the marriage, and the amount of time needed by the mother for retraining. TheRobinson court stated:
"Allowances for child support do not alone fill the bill when children are so young as to make employment outside the home by the custodian impossible, inappropriate, or if they create a condition below the level which such children have experienced. The issue in such cases is not how soon the custodian will readjust and become capable of earning an income; the question is when such spouse may do so under conditions that safely and adequately provide for the welfare of the children according to the standard that the parents have provided in the past."
 {¶ 22} This Court finds the trial court did not abuse its discretion in the amount of the spousal support it awarded appellant in this case. However, the trial court did abuse its discretion in only ordering appellee to pay spousal support for three years. Consequently, appellant's second assignment of error is overruled in regard to the amount of spousal support the trial court ordered appellee to pay, and it is sustained with regard to the duration of the spousal support award.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred as a matter of law in finding that it was without authority to award attorney fees to appellant."
 {¶ 23} In her third assignment of error, appellant contends that the trial court erred in not awarding her attorney's fees. This Court agrees.
 {¶ 24} An appellate court reviews a trial court's decision regarding attorney's fees under an abuse of discretion standard.Holcomb v. Holcomb, 9th Dist. No. 01CA007795, 2001-Ohio-1364, at ¶ 18.
 {¶ 25} R.C. 3105.18(H) authorizes the trial court to award attorney's fees, and provides:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 26} The burden of demonstrating the reasonableness of attorney's fees is on the party requesting the fees. Shaffer v.Shaffer (1996), 109 Ohio App.3d 205, 214.
 {¶ 27} Appellee argues that appellant is not entitled to attorney's fees because she failed to file a motion requesting attorney's fees during the pendency of the divorce proceedings in the trial court. The trial court agreed with appellee. In its judgment entry, the trial court stated:
"Defendant never filed a Motion for Attorney Fees during the pendency of the divorce nor did she request attorney fees in her counterclaim for divorce. Therefore, the Court is without authority to award her attorney fees under R.C. § 3105.18(H). SeeSeagraves v. Seagraves (1997), 125 Ohio App.3d 98 (holding that an award of attorney fees pursuant to R.C. § 3105.18(H) can only be awarded prospectively from the filing of a motion requesting the same, reasoning that `our holding is based upon the premise that the party against whom relief, in this instance an award of fees, is sought is entitled to timely notice of the intent to seek such relief. Without notice, we conclude that it would be unfair to require a party to pay for fees which may, as is the case here, have been incurred by the other party over a period of years.')"
 {¶ 28} While this Court agrees with the trial court that normally a motion for attorney's fees is required in order for a court to award such, we find that the trial court abused its discretion in failing to award attorney's fees to appellant in the case sub judice. The present case is distinguishable fromSeagraves. While appellant in the present case did not file a motion for attorney's fees and did not specifically request attorney's fees in her counterclaim for divorce, this Court finds that the issue of attorney's fees was properly before the court for consideration by the parties' consent.
 {¶ 29} Civ.R. 15(B) states, in relevant part:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * Failure to amend as provided herein does not affect the result of the trial of these issues."
 {¶ 30} After appellant's testimony, Mr. Kuenzi, counsel for appellant, attempted to call himself as a witness. The following dialogue then took place:
"The Court: Have you seen his statement?
"Mr. Perla: Yes, Your Honor.
"* * *
"* * *
"The Court: Do you have a problem with 200 an hour, Randy?
"Mr. Perla: No.
"The Court: Do you want to hear testimony regarding the reasonableness —
"Mr. Perla: I'm sorry, Judge?
"Do you wish to hear testimony regarding the reasonableness of the hours expended?
"Mr. Perla: No. I'll give the Court discretion on that.
"Mr. Kuenzi: Well, I think I probably ought to offer testimony. I don't want to beat a dead horse, but if he is not willing to stipulate that the hours are reasonable —
"The Court: He said the hours were reasonable.
"Mr. Kuenzi: You will stipulate to the reasonableness and the necessity of those services?
"Mr. Perla: I will stipulate, Your Honor, that the mathematical calculation and the time he did on the statements are accurate. I just question whether it was needed, that was the only thing on cross.
"The Court: Well, then somebody has to testify.
"Mr. Perla: I just had a couple questions.
"Mr. Kuenzi: That's fine. I would be happy to testify.
"The Court: Okay. Let's stand down. We will have you on the stand after we finish.
"Mr. Perla: Your Honor, I don't anticipate more than two or three questions, just a couple.
"The Court: Fine. Then we'll go to rebuttal.
"Mr. Perla: I won't have any, Your Honor, just for the record. Your Honor, we do not have any objection to the reasonableness of the fee.
"The Court: Thank you.
"Mr. Kuenzi: Or the necessity?
"Mr. Perla: Necessity, no.
"The Court: Thank you."
 {¶ 31} Clearly, both the court and the parties addressed the issue of attorney's fees at trial. In fact, counsel for appellee stipulated to the reasonableness of the fees and then, after initialing questioning the necessity for an award of attorney's fees to appellant, counsel for appellee stipulated to the necessity of such as well. Then, appellant introduced an itemized statement of attorney's fees without objection into evidence.
 {¶ 32} Because the record before this Court shows that the issue of attorney's fees was expressly or impliedly tried by the consent of the parties, the trial court erred in not considering the issue. Accordingly, appellant's third assignment of error is sustained.
 {¶ 33} This Court will now address appellee's cross-appeal.
Cross-Appeal
 CROSS-ASSIGNMENT OF ERROR
"The trial court erred in awarding appellant/cross appellee almost four times the amount of child support that she was entitled to receive under the ohio child support guidelines."
 {¶ 34} In his sole assignment of error, appellee challenges the amount of child support awarded to appellant. This Court finds that appellee's cross-appeal is without merit.
 {¶ 35} An appellate court will not reverse a trial court's child support order absent an abuse of discretion. Rock v.Cabral (1993), 67 Ohio St.3d 108, 112.
 {¶ 36} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03. This Court has held, however, that R.C.3119.22 allows a court to order child support in an amount that deviates from the calculation obtained from the child support schedule and applicable worksheet, if after considering the factors and criteria set forth in R.C. 3119.23, it determines (1) that the amount calculated would be unjust or inappropriate and (2) that the amount would not be in the best interest of the children. Brown v. Brown, 9th Dist. No. 02CA0030, 2003-Ohio-239 at ¶ 9.
 {¶ 37} The "basic child support obligation" is the total amount of support the children require on a yearly basis. The figure is derived from a schedule provided by the legislature in R.C. 3119.021, which bases the amount of total support on the number of children and the combined income of the parents. The schedule provides for standard child support amounts for incomes up to $150,000.00. For parents whose combined income exceeds this amount, R.C. 3119.04(B) provides:
"If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.
 {¶ 38} As this Court stated in Berthelot v. Berthelot,154 Ohio App.3d 101, 2003-Ohio-4519, at ¶ 24:
"Further, when the income of the parents is greater than $150,000, the appropriate standard for the amount of child support is `that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued.' Birath v. Birath (1988), 53 Ohio App.3d 31, 37,558 N.E.2d 63. See, also, Paluch v. Paluch (Nov. 1, 2000), 9th Dist. No. 19923, 2000 Ohio App. LEXIS 5046."
 {¶ 39} For parents with a combined income of $150,000.00, with two children, the schedule provides that the total child support obligation is $21,971.00. Since the combined income of the parents in the present case is much greater than $150,000.00, the trial court had within its discretion the ability to establish an amount, not below the scheduled amount, and in the best interests of the children.
 {¶ 40} The trial court stated in its journal entry:
"The Court finds that this guideline amount is unjust or inappropriate and not in the children's best interests. See R.C. § 3119.22. Specifically, the Court has considered the factors in R.C. § 3119.23 and finds the following factors to be particularly relevant: (G) Disparity in income between parties or households and (K) the relative financial resources, other assets and resources, and needs of each parent * * * R.C. 3119.23(L), another relevant factor, concerns the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued. The Court has set forth above the family's standard of living during the marriage. Father acknowledged that the children enjoy certain amenities that the average child may not, such as membership at a country club[.]
"* * *
"* * *
"* * * While the Court does not necessarily find the amounts budgeted to be entirely credible, the Court notes these expenses here as an illustration that even if not as high as Mother testified, the children's expenses are still higher than a middle-class child's just based on the opportunities and advantages that the parties' wealth has provided them. For the foregoing reasons, the Court deviates from the child support guidelines."
 {¶ 41} After reviewing the record, this Court concludes that the trial court did not abuse its discretion in ordering appellee to pay $5,500 per month in child support. Appellee's cross-appeal is overruled.
 III. {¶ 42} This Court finds that appellant's first assignment of error is moot. See App.R. 12(A)(1)(c). Appellant's second assignment of error is affirmed in part and reversed in part. Appellant's third assignment of error is sustained. Appellee's cross-appeal is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed with regard to its dissolution of the parties' marriage, the amount of spousal support awarded to appellant, and the amount of child support appellee was ordered to pay. The trial court's decision is reversed regarding the duration of appellee's spousal support obligation and its conclusion that appellant is not entitled to an award of attorney's fees. The matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
Baird, J. Batchelder, concur.