DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff/Appellant/Cross-Appellee, David S. Peters ("Mr. Peters") and Defendant/Appellee/Cross-Appellant, Jacqueline M. Peters ("Ms. Peters") appeal the judgment on remand rendered in the Wayne County Court of Common Pleas on December 17, 2005. This Court affirms.
 {¶ 2} Mr. Peters filed a complaint for divorce on June 18, 2001, after which Ms. Peters filed an answer and counterclaim. The matter was tried to the court commencing December 16, 2002. The trial court issued its final judgment of divorce on June 9, 2003 ("Original Entry"). Both parties appealed the Original Entry to this Court in case numbers 03 CA 8306 and 03 CA 8307. This Court issued its judgment on May 19, 2004 remanding the matter back to the trial court to determine the duration of the spousal support obligation and to consider whether or not to award attorney fees to Ms. Peters.
 {¶ 3} On December 17, 2005, the trial court issued its judgment as upon remand extending the duration of Ms. Peter's spousal support from three years to four years and eight months so as to allow her to complete her education and find employment, and awarding Ms. Peters $8,000 towards attorney fees (the "Remand Entry"). Both parties timely appealed the Remand Entry, Mr. Peters raising three assignments of error and Ms. Peters raising two assignments of error.
 Appellant's First Assignment of Error
"The trial court erred on remand in extending spousal support from three years to four and one half years without sufficient findings of fact and conclusions of law which would support said extension."
 Appellant's Second Assignment of Error
"The trial court's decision on remand in extending spousal support from three years to four and one half years based only upon statements contained in the court of appeals decision rather than on an independent review of the facts of the case and applicable law is in conflict with the Ohio Supreme Court decision of Blakemore v. Blakemore (1983), 450 N.E.2d 1140,5 Ohio St.3d 217 and must be reversed."
 Cross-Appellant's First Assignment of Error
"The trial court abused its discretion in determining the duration of the spousal support obligation of [Mr. Peters] upon remand."
 {¶ 4} Because Mr. Peters' first and second assignments of error and Ms. Peters' first assignment of error all relate to the trial court's determination of the duration of the spousal support award set forth in the Remand Entry, they will be considered together.
 {¶ 5} Mr. Peters asserts that the trial court erroneously extended the duration of his spousal support obligation from three years to four and one-half years relying solely upon the language of the Remand Entry rather than upon its independent consideration of the evidence and the law. Ms. Peters asserts that the trial court's determination that she will have completed her education and training and found employment in four and one-half years, thus limiting the duration of the award of spousal support to four and one-half years, was erroneous.
 {¶ 6} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C.3105.18(B). An award of spousal support is within the broad discretion of the trial court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. This court will not reverse the trial court's decision absent an abuse of discretion. Id. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Id. The burden is on the party challenging the award to establish an abuse of discretion. Shuler v. Shuler
(Oct. 27, 1999), 9th Dist. No. 98CA007093, at *2.
 {¶ 7} Moreover, it is well established that a trial court must follow the mandate of the appellate court. Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410.
"When this Court, as is its customary practice, remands a case for further proceedings, this does not necessarily mean that we order some sort of hearing to be held upon remand. Rather, this language simply designates that the case is to return to the trial court to `take further action in accordance with applicable law.'" State v. Pendergrass, 9th Dist. No. 04CA008437,2004-Ohio-5688, at ¶ 10, quoting Chapman v. Ohio State DentalBd. (1986), 33 Ohio App.3d 324, 328, 515 N.E.2d 992.
 {¶ 8} Here, the trial court awarded spousal support in the Original Entry, which award was affirmed by this Court applying the abuse of discretion standard. Peters v. Peters, 9th
Dist. Nos. 03CA008306, 03CA008307, 2004-Ohio-2517. Relative to these assignments of error, the issue on remand was the duration of the spousal support award. Specifically, this Court found that the trial court erred by awarding spousal support for only a portion of the time Ms. Peters needed to complete her education, in contravention of R.C. 3105.18(C)(1)(k). This Court also noted Ms. Peters' primary caregiver status, the ages of the children, the standard of living enjoyed during the marriage, the health of parties' youngest child, as well as the amount of time Ms. Peters would need for retraining, citing Robinson v. Robinson (May 8, 1998), 2nd Dist. Nos. 16613 and 16614. We found that the "trial court erred in failing to provide spousal support for appellant until she completes her education and obtains employment."Peters, at ¶ 20. We found that, given Ms. Peters testimony that she would need four and one-half years to complete her education, and other facts of this case as noted in Robinson, the trial court's award of spousal support for three years was erroneous.
 {¶ 9} On remand, the trial court was required to follow this mandate, especially where it was confronted with substantially the same facts and issues as were involved in the prior appeal.Nolan, at 3. It had no other alternative given our May 19, 2004 entry. The Remand Entry orders Mr. Peters to pay spousal support for four and one-half years, the time Ms. Peters testified she would need to complete her degree and for two additional months (through August 2007) so that Ms. Peters can find employment. The trial court noted that Ms. Peters would be completing her education in June of 2007. She would then have two months during the summer to find a teaching job before the school year started.
 {¶ 10} Ms. Peters argues that the four and one-half year duration does not properly allow her time to student teach and find a job. It was Ms. Peters, however, that testified she would need four and one-half years to complete her education. Moreover, Ms. Peters was already attending college classes at the time of the spousal support award and there is nothing in the record to establish how long Ms. Peters had been in school.
 {¶ 11} Given these facts and the trial court's award of two months to obtain employment, we find that the trial court properly considered the evidence before it in following this Court's mandate and modifying the duration of the spousal support award to four and one-half years. We find the trial court's decision on remand to comply with our mandate and to be reasonable and not an abuse of discretion. Accordingly, Mr. Peters' first and second assignments of error and Ms. Peters' first assignment of error are overruled.
 Appellant's Third Assignment of Error
"The trial court abused its discretion in awarding attorney fees on remand in that said award was arbitrary, unreasonable, and against the weight of the evidence."
 Cross-Appellant's Second Assignment of Error
"The trial court erred as a matter of law in awarding only $8,000.00 to [Defendant] as contribution toward her attorney fees."
 {¶ 12} Because Mr. Peters' third assignment of error and Ms. Peters' second assignment of error all relate to the trial court's award of attorney fees set forth in the Remand Entry, they will be considered together. Mr. Peters asserts that the trial court's award of $8,000 in attorney fees to Ms. Peters was arbitrary and erroneously based on the retroactive application of R.C. 3105.73 (the statute in effect at the time of the Remand Entry) rather than R.C. 3105.18(H) (the statute in effect at the time of trial and during this Court's review). Ms. Peters asserts that the trial court arbitrarily and erroneously awarded her only $8,000 rather than the full amount of her attorney fees ($31,480.74).
 {¶ 13} Decisions regarding the award of attorney fees are within the discretion of the trial court and will not be disturbed without an abuse of discretion. Motorists Mut. Ins.Co. v. Brandenburg (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, syllabus.
 {¶ 14} In deciding to award attorney fees and in setting the amount of such fees, the trial court relied upon newly enacted R.C. 3105.73 (effective April 27, 2005). This statute governs the award of attorney's fees and litigation expenses in certain domestic relations cases, and provides in pertinent part:
"(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding,the court may award all or part of reasonable attorney's feesand litigation expenses to either party if the court finds theaward equitable. In determining whether an award is equitable,the court may consider the parties' income, the conduct of theparties, and any other relevant factors the court deemsappropriate, but it may not consider the parties' assets."
(Emphasis added.)
 {¶ 15} The uncodified law accompanying R.C. 3105.73 makes the statute retroactive to actions pending in a trial or appellate court on the effective date of April 27, 2005. The legislative statements indicate that R.C. 3105.73 will apply where "[t]he action or proceeding is brought, or a notice of appeal in the action or proceeding is filed, prior to the effective date of this act, and the action or proceeding is pending in a trial or appellate court on the effective date of this act." Berthelot v.Berthelot, 9th Dist. No. 22819, 2006-Ohio-1317, at ¶ 69. Therefore, since this action was brought prior to April 27, 2005, and the matter was pending in the trial court on remand on that date, R.C. 3105.73 controls the question of attorney fees on the motion here at issue. See Id.
 {¶ 16} Following this Court's mandate, the trial court properly "considered" the issue of attorney fees applying R.C.3105.73. As required by R.C. 3105.73(A), the trial court considered the parties' marital assets noting that the parties stipulated to the fair and equitable division of marital assets. The trial court next considered the parties' incomes finding Ms. Peters annual income to be $156,000 and that of Mr. Peters to be $456,000. Next, the trial court considered the issue of temporary spousal support awarded to Ms. Peters, which the court found to be more than twice the amount Ms. Peters requested at the commencement of the action. The trial court next considered the conduct of the parties and noted that both parties "abused the court system and incurred unreasonable and unnecessary attorney fees." Finally, the trial court considered the duration of the spousal support award as another "relevant factor."
 {¶ 17} While the parties may disagree with the trial court's factual findings and the trial court's consideration of these facts in light of the requirements of R.C. 3105.73, which we previously determined to be the applicable statute, we may not question these findings nor the award of attorney fees based on these findings absent an abuse of discretion. While the reasoning behind the specific award of 25% of Ms. Peters' actual attorney's fees is not set forth in the Remand Entry, we find that R.C.3105.73 gives the court broad discretion in determining attorney fees. The trial court did not abuse its discretion in balancing the factors discussed above and awarding some amount less than the full amount of attorney fees. Mr. Peters' third assignment of error and Ms. Peters' second assignment of error are overruled.
 {¶ 18} We overrule all assignments and cross-assignments of error.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
Whitmore, J. Boyle, J. concur.