DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert A. Kellar, appeals from the decision of the Medina County Court of Common Pleas which adopted a magistrate's decision. We reverse and remand
 {¶ 2} Appellant and Appellee, Laura R. Kellar, were divorced on December 13, 2001. The original divorce decree incorporated a property settlement agreement signed by both parties which indicated certain property arrangements regarding both the marital residence and a jointly owned business. However, Appellant allegedly failed to follow the agreement regarding the joint business and marital residence, prompting Appellee to file a motion for contempt, restraining order, and relief from judgment on June 27, 2002. In December 2002, the trial court vacated the prior property settlement agreement, and a later oral, in-court agreement, only to the extent that it involved the marital residence and joint business, and ordered the parties to sell both the home and business. In the entry, the court indicated that a status conference would be set if the parties could not agree on multiple issues including the allocation of business debts, and also set the case for trial after August 1, 2003, to determine what amounts each party would receive following the sales.
 {¶ 3} Three notices of hearings appear in the record, referring respectively to tentative hearing dates on February 27, 2003, June 11, 2003, and September 11, 2003. Each notice of hearing indicated that it would be a "Status Call" regarding the sale of property. No hearing appears on the record for the earlier two dates. The September 11, 2003, "Status Call: re property sale" did occur before a magistrate per the notice of hearing. On September 15, 2004, the magistrate filed a decision which made no reference to the marital residence, and indicated that the business had not yet been sold due to an issue regarding the liquor license, which would be resolved sometime the next month due to a required renewal. The magistrate concluded by suggesting that:
"To resolve all open issues, the Court should award the entire interest in the [business] to [Appellee], with all liabilities to be shared. Disputes can then be resolved in post decree proceedings if necessary."
The trial court adopted the magistrate's decision, ordering that the business be transferred to Appellee and the parties share any business liabilities.
 {¶ 4} Appellant filed a timely appeal from the entry of the trial court, and raises one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court's inequitable distribution of marital assets and liabilities, without first conducting an evidentiary hearing, and without considering the mandates of [R.C. 3105.171], constitutes plain error."
 {¶ 5} In his only assignment of error, Appellant argues that the trial court erred by adopting the magistrate's decision, and awarding the entire business to Appellee with all liabilities to be shared. Appellant insists that the trial court violated his right to due process by failing to hold an evidentiary hearing and consider the various statutory factors under R.C. 3105.171 prior to distributing marital assets. We find that Appellant's argument has merit.
 {¶ 6} R.C. 3105.171(F) requires a court to consider certain enumerated factors when determining any division of marital property. A court is also required to "make written findings of fact that support the determination that the marital property has been equitably divided[.]" R.C. 3105.171(G). The trial court must "indicate the basis for its [marital property division] in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97. As long as the record contains some indication that the trial court considered the factors listed in the statute, the statute is satisfied. Young v.Young (Dec. 29, 1993), 9th Dist. No. 93CA005554, at 3-4.
 {¶ 7} In this particular case the record is completely lacking in any factual basis or support for the proposition that the new property distribution award was made equitably. Neither the decision of the magistrate or the trial court entry supported the new distribution with any evidence. The record is also devoid of evidence supporting the new distribution. The original divorce decree and property agreement found that the marital business had no equity to be divided between Appellant and Appellee. If an award of all the business assets and liabilities to Appellant, with $0 value overall, was equitable at the time of the divorce, it is difficult to see how a distribution which awarded the assets of the business in their entirety, valued at $170,000 at the time of the divorce, to Appellee, while splitting the business debts, which amounted to $177,000 at the time of the divorce, should become equitable. The new distribution awards an additional $81,500 ($170,000 overall value less $88,500 in half the business debt) in equity to Appellee while `awarding' Appellant approximately $88,500 in new debt. If the original distribution was equitable, it is impossible to see, without additional evidence, how this new distribution could also be equitable.[1] This disparity has not been supported at all in the record, and this Court cannot affirm this award without some indication that (1) the trial court considered the necessary factors under R.C.3105.171(F) and (2) the award is equitable in light of the original property distribution. Accordingly, we sustain Appellant's assignment of error.
 {¶ 8} We sustain Appellant's assignment of error, reverse the decision of the trial court and magistrate, and remand for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., concurs.
Carr, P.J., Concurs in Judgment Only.
[1] At one point in time, Appellee argued before the magistrate that Appellant had further encumbered the business with approximately $30,000 in debt following the original decree. However, even assuming that the business now was further debt encumbered, this $30,000 discrepancy is not enough to balance the $177,000 difference in overall distribution made by the magistrate and court.