DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Ricky L. Downey, appeals a judgment by the Summit County Court of Common Pleas, Domestic Relations Division, granting shared parenting, dividing the marital assets, awarding spousal support, and awarding attorney fees in favor of Appellee, Penny L. Downey. We affirm in part and reverse in part.
 {¶ 2} On March 12, 2004, Appellee, Penny L. Downey ("Wife") filed for divorce. On October 14, 2004, the parties proceeded to trial before a magistrate. The second and last day of trial was on December 20, 2005. On June 2, 2006, the magistrate issued his decision. ("Magistrate's Decision") On June 14, 2006, and *Page 2 
December 14, 2006, Appellant, Ricky L. Downey ("Husband") filed his objections to the Magistrate's Decision and supplemental brief in support of his objections, respectively. On March 19, 2007, the trial court overruled Husband's objections and upheld the Magistrate's Decision. ("Judgment Entry").
 {¶ 3} Husband timely appealed the Judgment Entry raising three assignments of error.
 Assignment of Error No. 1 "The trial court's approving of shared parenting for [J.D.], D.O.B. 10/26/97, is contrary to the statute and his best interests, and, therefore, an abuse of discretion."
 {¶ 4} Husband argues that although the parties stipulated to shared parenting on the first day of trial, Husband moved to withdraw that stipulation on the second day of trial, which was more than two months later. Husband argues that in the two months between the first and second trial dates, he became aware of alcohol use by, and domestic violence charges against, Wife and no longer believed shared parenting to be in the best interest of the child. Husband asserts that although the Magistrate permitted evidence on this issue, the trial court ultimately ordered the shared parenting plan, as originally stipulated, without issuing findings of fact and conclusions of law that such plan was in the best interest of the child as required by R.C.3109.04(D)(1)(a)(ii) and (iii). Husband further argues that even if the trial court properly considered the shared parenting plan as originally agreed, such plan should only be considered as a plan offered by *Page 3 
one party pursuant to a R.C. 3109.04(G) motion, which motion was not made. Husband finally asserts that because he no longer agreed to shared parenting, the trial court should have allocated parental rights pursuant to R.C. 3109.04(A).
 {¶ 5} Wife asserts that the parties agreed upon shared parenting, the terms of which were entered into the record on the first day of trial. Wife's counsel appeared at the second day of trial with the proposed shared parenting plan drafted and reflecting the agreed terms. Thus, Wife maintains that the written document was merely a memorialization of the agreement already made. Moreover, Wife notes that a trial court can modify a shared parenting plan at any time pursuant to R.C.3109.04(E)(2)(b) and further agrees with the Magistrate that R.C.3109.04(D)(1)(a)(ii) is not applicable in the instant matter.
 {¶ 6} "The standard for review of the trial court's allocation of parental rights and responsibilities is an abuse of discretion standard." In re Surdel (May 12, 1999), 9th Dist. No. 98CA007172, at *8, citing Miller v. Miller (1988), 37 Ohio St.3d 71, 74. An abuse of discretion is more than legal error: the trial court's attitude must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. If an allocation of parental rights and responsibilities is supported by a "`substantial amount of credible and competent evidence'" the decision will stand. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418, quoting Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus. However, "[w]hile a trial court's discretion in a custody * * * proceeding is broad, it is not *Page 4 
absolute, and must be guided by the language set forth in R.C. 3109.04."Miller, 37 Ohio St.3d at 74.
 {¶ 7} We hold that the trial court was without authority to impose a shared parenting plan and therefore abused its discretion. As we stated in Emmert v. Aronson, (Mar. 5, 1997), 9th Dist. No. 17878, "[pursuant to Sections 3109.04(A)(1) and (2) of the Ohio Revised Code, a trial court has authority to provide for shared parenting if at least one parent filed a pleading or motion requesting it and that same parent filed a proposed shared parenting plan. Otherwise, the trial court must allocate parental rights and responsibilities to one of the parents." Id. at *3 (finding the trial court without authority to order shared parenting where appellant withdrew his motion and proposed shared parenting plan and asked that he be named residential parent). Here, Husband withdrew his motion or stipulation to shared parenting prior to the conclusion of trial and before an agreement was signed or an entry ordering shared parenting was filed. Wife did not move for shared parenting and propose a written plan as an attachment thereto. Thus, the trial court was without authority to approve or order shared parenting.
 {¶ 8} Moreover, even if the trial court had authority to provide for shared parenting, it failed to comply with the requirements of R.C.3109.04. Under any division of R.C. 3109.04, the trial court was required to consider the best interest of the child in allocating parental rights, whether pursuant to a proposed shared *Page 5 
parenting plan by one party, both parties or where no plan is proposed. See, R.C. 3109.04(A)(1) and 3109.04(D)(1)(a)(i), (ii), and (iii) (each requiring best interest analysis). Even if the trial court could have considered the shared parenting plan as though being proposed by one party, R.C. 3109.04(A)(2) states:
 "If at least one parent files a pleading or motion in accordance with division (G) of this section and a plan for shared parenting pursuant to that division and if a plan for shared parenting is in the best interest of the children and is approved by the court in accordance with division (D)(1) of this section, the court may allocate the parental rights and responsibilities for the care of the children to both parents and issue a shared parenting order requiring the parents to share all or some of the aspects of the physical and legal care of the children in accordance with the approved plan for shared parenting." (Emphasis added.)
 {¶ 9} It is clear from the Judgment Entry that the trial court did not analyze the stipulated shared parenting plan to determine if it was in the best interest of the child. It is true that "this Court has held that while the trial court must expressly consider each of the best interest factors under R.C. 3109.04(F) in its judgment, `the court need not explicitly reiterate its findings with regard to those factors[.]'"Hodson v. Hodson, 9th Dist. No. 23567, 2007-Ohio-4119, at ¶ 10, quotingMatis v. Matis, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, at ¶ 6. Here, however, not only did the trial court fail to reference best interest of the child, it expressly found that the parties had agreed to shared parenting and that R.C. 3109.04(D)(1)(a)(ii) was not applicable. While it is true that R.C. 3109.04(D)(1)(a)(ii) is not applicable as it applies to the situation where each parent files his or her own shared parenting plan; as discussed above, R.C. *Page 6 3109.04 always requires a best interest analysis before allocating parental rights. The trial court's determination that a particular section of the statute is not applicable does not negate its statutory duty to conduct a best interest analysis as set forth in R.C. 3109.04 in general.
 {¶ 10} Finally, the trial court "failed to comply with the requirements of R.C. 3109.04(D)(1)(d) that it attach and incorporate the approved shared parenting plan into its final decree." Emmert at *3.
 {¶ 11} Husband's first assignment of error is sustained.
 Assignment of Error No. 2 "The determination by the trial court that [Husband] engaged in financial misconduct sufficient to further justify a distributive award to [Wife], in addition to spousal support, is an abuse of discretion."
 {¶ 12} Husband asserts that the trial court erroneously awarded $40,000 to Wife representing one-half of the funds the parties jointly borrowed on the equity in the marital home. Husband asserts that the trial court improperly disbursed one-half of these funds to Wife based on Husband's alleged financial misconduct, as set forth in R.C.3105.171(E)(3), without findings of fact and conclusions of law. Husband further asserts that the money was used to pay marital debt (lost due to poor investments), which can not be construed as financial misconduct. Finally, Husband asserts that Wife is voluntarily unemployed and that the spousal support award pursuant to R.C. 3105.18(C)(1) is not supported by the evidence. *Page 7 
 {¶ 13} Wife asserts that there was no evidence that the $80,000 was used to pay a marital debt and the distribution simply equalized the assets of the parties. As to spousal support, Wife argues that she only worked for a brief time during the 25-year marriage and is only educated through the ninth grade. Wife also maintains that the trial court imputed income to her in the amount of $10,712.00 and the spousal support is only to be paid for 59 months, which she characterizes as reasonable under the totality of the circumstances.
 {¶ 14} We review a trial court's division of marital property by determining, under the totality of circumstances, whether the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131; Vujovic v. Vujovic, 9th Dist. No. 04CA0083-M, 2005-Ohio-3942, at ¶ 34. This Court similarly reviews a trial court's award of spousal support under an abuse of discretion standard of review. Brubaker v.Brubaker, 9th Dist. No. 22821, 2006-Ohio-1035, at ¶ 7, citing Pauly v.Pauly (1997), 80 Ohio St.3d 386, 390; Booth v. Booth (1989),44 Ohio St.3d 142, 144. As set forth above, an abuse of discretion is "`more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Vujovic at ¶ 34, quotingBlakemore, 5 Ohio St.3d at 219.
A. Property Division
 {¶ 15} Husband specifically challenges the trial court's finding that his use of $80,000, acquired from a second mortgage on the marital home, to pay bad investments to an unknown creditor, was financial misconduct, for which Husband *Page 8 
was required to reimburse Wife for one-half of the debt, or $40,000.00. Husband argues that such reimbursement caused the property division to be unequal.
 {¶ 16} Pursuant to R.C. 3105.171, the trial court is to divide marital property in an equitable manner. In fashioning an equitable property division, a trial court typically starts from the premise that marital property should be equally divided between the parties, with each spouse receiving his or her own separate property. R.C. 3105.171(C), (D). However, in certain circumstances, an unequal distribution of marital property is warranted. R.C. 3109.171(E)(3), for example, states:
 "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 17} We hold that the trial court did not abuse its discretion in finding that Husband had engaged in financial misconduct in his use of the proceeds of the home equity loan. "Because financial misconduct involves some element of profit or interference with another's property rights, the time frame in which the alleged misconduct occurs may often demonstrate wrongful scienter." Rinehart v. Rinehart (May 18, 1998), 4th Dist. No. 96 CA 10, at *12. Diminution of marital assets during the pendency of a divorce action can create an inference of misconduct. See e.g., Spychalski v. Spychalski (1992), 80 Ohio App.3d 10 (dissipation of wrongful death settlement and severance payment obtained); *Page 9 Hamblin v. Hamblin (Oct. 18, 1993), 12th Dist. No. CA93-03-044 and CA93-03-048, at *6 (buying new truck and redeeming life insurance policy contrary to restraining order). This Court has found that actions diminishing marital assets at the time of the parties' permanent separation can be considered misconduct. See Babka v. Babka (1992),83 Ohio App.3d 428, 436 (finding financial misconduct where account liquidated "just prior to the parties' divorce"). Other courts have reached similar conclusions. See, e.g., Gray v. Gray (Dec. 8, 1994), 8th Dist. No. 66565, at *7 (transferring or withdrawing funds during separation period in order to secret them from the other spouse is financial misconduct); Lott v. Lott (Sept. 30, 1993), 8th Dist. No. 63854, at *9 (selling rental property in direct contravention of pending restraining order is financial misconduct).
 {¶ 18} In this case, the trial court stated:
 "The Court does not find it credible that Defendant paid $80,000 cash to a man named Sam whose last name Defendant did not know, and to whom he had been introduced by another man named Tony, who [sic] last name Defendant did not know either, and that he obtained no receipt but simply handed over the cash pursuant to `gentlemen's honor.' * * * The Court finds that repaying what appear [sic] to be gambling debts that had by Defendant's testimony accumulated over a number of years by raiding the line of credit at Unizan bank, and doing so just at the time the divorce action was filed, while being vague in his disclosures to Plaintiff, is financial misconduct, not an investment mistake."
 {¶ 19} Here, although Wife signed the loan documents to acquire the second mortgage, the evidence demonstrated that Wife had only a ninth grade education and left all financial decisions to Husband. The second mortgage loan *Page 10 
funds were disbursed to Husband on March 19, 2004, the date the divorce complaint was served upon him and after the parties separated in February 2004. Although Husband testified that he used these funds to pay marital debts, he was unable to satisfactorily account for these funds to the trial court. "Evaluating evidence and assessing credibility are primarily for the trier of fact." Babka, 83 Ohio App.3d at 436, citing Ostendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46, 47. The trial court heard Husband's testimony and discounted it without an accounting to substantiate that testimony. We are offered no support to overturn this decision. Consequently, the trial court did not abuse its discretion in finding that Husband engaged in financial misconduct.
 {¶ 20} As to the specific division of assets, the trial court held:
 "Extensive testimony was given regarding numerous assets of the parties, and the disposition of same[.] * * * The Court has reviewed the transcripts and the Magistrate's Decision and finds that the Magistrate's Decision represents a fair and equitable division of assets.
 * * *
 "As to the other assets, the Court concurs with the Summary of Amounts Owed set forth in section 273 of the Magistrate's Decision, and finds that the distribution was entirely appropriate given the testimony presented. The Magistrate accounted for the Plaintiffs misconduct in giving away the Defendant's bicycle, and even credited Defendant with the amount for the lost coin and baseball card collection if those items cannot be located. There was no abuse of discretion in the division of assets."
 {¶ 21} A court is required to "`make written findings of fact that support the determination that the marital property has been equitably divided[.]'" Kellar v. *Page 11 Kellar, 9th Dist. No. 03CA0124-M, 2004-Ohio-3425, at ¶ 6, quoting R.C.3105.171(G). A trial court should "`indicate the basis for its [marital property division] in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.'" Kellar at ¶ 6, quoting Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97. "As long as the record contains some indication that the trial court considered the factors listed in the statute, the statute is satisfied." Kellar at ¶ 6; Young v. Young (Dec. 29, 1993), 9th Dist. No. 93CA005554, at 3-4.
 {¶ 22} We hold that because Husband engaged in financial misconduct, which then allows a court to order an unequal division of assets, the trial court's decision dividing the assets as it did is not an abuse of discretion. It is supported by the record and demonstrates adequate consideration of the factors listed in R.C. 3105.171(F). The trial court's order, adopting the allocation as set forth in Section 273 of the Magistrate's decision, allocates the various accounts and property with the final disposition requiring Husband to pay Wife $42,759.57 and Wife to pay Husband $5,900 for a net award from Husband to Wife of $36,859.67. We note that the net award to wife represents less than half of the proceeds of the home equity loan.
B. Spousal Support
 {¶ 23} In the second part of this assignment of error, Husband argues that given the unequal division of assets in favor of Wife, the trial court's award of *Page 12 
spousal support to Wife in the amount of $1,416.67 per month for 59 months is an abuse of discretion. As noted above, we review spousal support awards to determine if the trial court abused its discretion.
 {¶ 24} "When determining whether spousal support is reasonable, a trial court must consider the factors enumerated in R.C. 3105.18(C)(1)."Schaaf v. Schaaf, 9th Dist. No. 05CA0060-M, 2006-Ohio-2893, at ¶ 27, citing Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 12. It is apparent from the record that the magistrate and the trial court considered the factors set forth in R.C. 3105.18(C) (1). The trial court stated:
 "This was a 25 year 6 month marriage, and after consideration of the spousal support factors in O.R.C. § 3105.18(C)(1)(b)(c)(e)(g)(n) spousal support is appropriate and reasonable for a period of 86 months minus 27 months of spousal support paid by Husband till [sic] the date of this Order."
 {¶ 25} Based on the foregoing, the trial court did not abuse its discretion in its award of spousal support to the Wife. Husband's second assignment of error is overruled.
 Assignment of Error No. 3 "Absent any evidence as to the reasonableness of her attorneys' fees, the trial court's awarding of same to [Wife] is an abuse of discretion."
 {¶ 26} For his last assignment of error, Husband asserts that the trial court erred by awarding attorney fees to Wife where there was no evidence presented as to the reasonableness of the attorney fees. Husband also argues that the award is *Page 13 
unreasonable and inequitable in contravention of an attorney's fee award under R.C. 3105.73 and because it was not authorized by R.C. 3105.18(H). Husband further asserts that he was entitled to a hearing vis-à-vis his financial condition and ability to pay the attorney fee award.
 {¶ 27} Wife asserts that the attorney's fee award, supported by motion and affidavit, was proper as based on Husband's financial misconduct and her poor financial status, which would have precluded her from litigating her rights.
 {¶ 28} It is undisputed that a decision to award attorney's fees is within the sound discretion of the trial court. Rand v. Rand (1985),18 Ohio St.3d 356, 359. The award of attorney fees is authorized by R.C.3105.73(A), which states:
 "(A) In an action for divorce, * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 29} The Magistrate ordered the award of attorney's fees, in part, based on the above-referenced statute, noting that "an award of attorney's fees would be equitable based upon the income of the Husband, the conduct of Husband * * * and Husband's ability to pay attorney's fees. O.R.C. 3105.18(H); § 3105.73(A)." The trial court found the attorney's fee award to be supported by the affidavit of Wife's attorney and citations to case law in support of the award. The trial court also agreed with the Magistrate that the award "would be equitable based upon the *Page 14 
income of the Husband, the conduct of the Husband, and the ability of the Husband to pay attorney fees, in accordance with O.R.C. 3105[.]"
 {¶ 30} Based on the foregoing, and notwithstanding former R.C.3105.18(H), was not in effect on the second trial date,[1] we hold that the trial court did not abuse its discretion in awarding attorney fees pursuant to R.C. 3105.73(A). The Wife has a 9th grade education and is currently unemployed. Although briefly employed several times during the marriage, Wife was last employed on a long-term basis as a cleaning lady from 1979 until two months after she was married in 1980. Husband is college educated and earns $85,862.40 per year. Finally, as previously discussed, Husband engaged in financial misconduct.
 {¶ 31} As to Husband's ability to pay the attorney fee award, when the legislature repealed R.C. 3105.18(H), it "eliminated language regarding the determination of whether the obligor party `has the ability to pay the attorney's fees that the court awards' as a necessary predicate to any award[.]" Berthelot v. Berthelot, 9th Dist. No. 22819,2006-Ohio-1317, at ¶ 70, quoting R.C. 3105.18(H). Thus, the trial court was not required to engage in such an analysis or hold a hearing on this issue. See id.
 {¶ 32} Finally, while the reasoning behind the specific award of the full amount of Wife's requested attorney's fees is not set forth in trial court's entry, we *Page 15 
find that "R.C. 3105.73 gives the court broad discretion in determining attorney fees." Peters v. Peters, 9th Dist. No. 06CA008869,2006-Ohio-5815, at ¶ 17. Moreover, the trial court noted that the attorney fees requested by Wife were less than the fees incurred by Husband. Thus, the trial court did not abuse its discretion in balancing the factors discussed above and awarding the full amount of attorney's fees.
 {¶ 33} Husband's third assignment of error is overruled.
 {¶ 34} Husband's first assignment of error is sustained and this matter is remanded back to the trial court for proceedings consistent with this opinion. Husband's second and third assignments of error are overruled and the judgment of the trial court related to the distribution of assets, spousal support and attorney's fee award is affirmed.
Judgment affirmed in part,
reversed in part,
and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 16 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
DICKINSON, J. CONCURS
[1] The current version of R.C. 3105.18 has not included Section H since April 27, 2005.