[Cite as *In re K.R.*, 2016-Ohio-2775.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN THE MATTER OF:                    :

    K.R.                    :          CASE NO.   CA2015-06-049

                        :          O P I N I O N
                                  5/2/2016

                        :

                        :

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2014 JG 21111

Ryan DeBra, 4914 Ridge Avenue, Cincinnati, Ohio 45209, Guardian Ad Litem

T. David Burgess Co., L.P.A., T. David Burgess, 110 North Third Street, Williamsburg, Ohio 45176-1322, for appellant

Deborah Kuo, 993 Kennedys Landing, #7, Cincinnati, Ohio 45245, appellee, pro se

    **S. POWELL, J.**

    {¶ 1}   Appellant, Charles D. Rasnick ("Father"), appeals from the decision of the Clermont County Court of Common Pleas, Juvenile Division, designating appellee, Deborah Kuo ("Mother"), the residential parent and legal custodian of their daughter, K.R.  For the reasons outlined below, we affirm.

    {¶ 2}   Father and Mother are the biological parents of K.R., born August 28, 2010.

The parties were never married and subsequently separated on December 5, 2013. After they separated, and in consideration of their respective work schedules, Father and Mother entered into an agreement where Mother cared for K.R. every Monday and Tuesday, whereas Father cared for K.R. on Wednesday through Sunday.

{¶ 3} On February 4, 2014, Father filed a complaint seeking legal custody of K.R. However, after holding a hearing on the matter, a juvenile court magistrate issued a decision designating Mother as the residential parent and legal custodian. Father then filed objections to the magistrate's decision, from which the juvenile court held a two-day de novo hearing that ultimately concluded on May 18, 2015. The following day, the juvenile court issued a decision similar to that of the magistrate, wherein it designated Mother as K.R.'s residential parent and legal custodian. In support of this decision, the juvenile court determined that "it is in the best interest of the minor child for these conditions to continue."

{¶ 4} Father now appeals from the juvenile court's decision, raising three assignments of error for review.[1]

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN ITS DECISION DESIGNATING THE MOTHER AS THE RESIDENTIAL PARENT OF THE MINOR CHILD AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In his first assignment of error, Father argues the juvenile court erred by designating Mother the residential parent and legal custodian of K.R. Father also argues the juvenile court's decision was against the manifest weight of the evidence. We disagree.

{¶ 8} R.C. 3109.04 governs the award of parental rights and responsibilities.

---

1. We note that Mother did not file an appellate brief for our consideration in this matter. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

*Albrecht v. Albrecht*, 12th Dist. Butler Nos. CA2014-12-240 and CA2014-12-245, 2015-Ohio-4916, ¶ 22. In making this determination, the juvenile court's primary concern is the best interest of the child. *Rainey v. Rainey*, 12th Dist. Clermont No. CA2010-10-083, 2011-Ohio-4343, ¶ 12. In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the juvenile court to consider all relevant factors. *In re X.B.*, 12th Dist. Butler No. CA2014-07-168, 2015-Ohio-1174, ¶ 19. These factors include, but are not limited to: (1) the wishes of the parents; (2) the child's interaction and interrelationship with his parents, siblings, and other persons who may significantly affect the child's best interest; (3) the child's adjustment to home, school and community; (4) the mental and physical health of all persons involved; and (5) the likelihood that the caregiver would honor and facilitate visitation and parenting time. *In re A.L.H.*, 12th Dist. Preble No. CA2010-02-004, 2010-Ohio-5425, ¶ 9.

{¶ 9} An appellate court reviews a juvenile court's custody determination for an abuse of discretion. *In re S.K.*, 12th Dist. Butler No. CA2013-06-108, 2014-Ohio-563, ¶ 12. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *In re B.K.*, 12th Dist. Butler No. CA2010-12-324, 2011-Ohio-4470, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The discretion which a juvenile court enjoys in custody matters "'should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.'" *In re J.M.*, 12th Dist. Warren No. CA2008-12-148, 2009-Ohio-4824, ¶ 17, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Thus, "an appellate court affords deference to a judge or magistrate's findings regarding witnesses' credibility." *In re D.R.*, 12th Dist. Butler Nos. CA2005-06-150 and CA2005-06-151, 2006-Ohio-340, ¶ 12.

{¶ 10} As it relates to a manifest weight of the evidence challenge, "a reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his way and created such a manifest miscarriage of justice that the judgment must be

reversed and a new trial ordered." *In re W.A.*, 5th Dist. Muskingum No. CT2013-0002, 2013-Ohio-3444, ¶ 19. In making this determination, "'an appellate court is guided by the presumption that the trial court's findings were correct.'" *In re M.D.*, 12th Dist. Butler No. CA2006-09-223, 2007-Ohio-4646, ¶ 28, quoting *In re Peterson*, 10th Dist. Franklin. No. 01AP-381, 2001 WL 988013, *3 (Aug. 28, 2001). "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." *In re T.M.*, 12th Dist. Butler No. CA2007-01-019, 2007-Ohio-6034, ¶ 28, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶ 11} After a thorough review of the record, and as did the juvenile court before us, we find both Father and Mother are loving parents who participate in a variety of activities with K.R. and who are able to provide for K.R.'s needs. The record further establishes that both Father and Mother have suitable homes and have supportive extended family members. However, although submitting a recent clean drug screen, the record also indicates Father had smoked marijuana with his neighbor sometime within the past three to four years. The record further indicates that Father had suffered from depression and had an anxiety attack due to these proceedings.

{¶ 12} Moreover, in reviewing the guardian ad litem's report and recommendation, the guardian ad litem recommended Mother be granted legal custody of K.R. due to his concerns regarding Father's "credibility and the veracity of his statements throughout the investigation," including his professed ignorance regarding certain allegations of sexual abuse levied against him by his ex-wife. The guardian ad litem also noted that Father often speaks of his daughter "as if she is an object or possession to which he has solitary claim," whereas he shows utter distain for Mother who he treats as an "unknown entity" habitually referring to her only by her full name. The record fully supports these findings.

{¶ 13} In light of the forgoing, and while Father's love and desire to have custody of K.R. is apparent, we simply cannot say the juvenile court's decision designating Mother as residential parent and legal custodian of K.R. was an abuse of discretion, nor can we say the juvenile court's decision was against the manifest weight of the evidence. Therefore, because we can find no error in the juvenile court's decision, Father's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE REQUIRED FACTORS CONCERNING THE SHARED PARENTING PLAN FILED BY THE MOTHER.

{¶ 16} In his second assignment of error, Father argues the juvenile court erred by failing to give its reasoning for denying Mother's proposed shared parenting plan. However, as the record reveals, Mother filed her proposed shared parenting plan a full month prior to the hearing before the juvenile court magistrate, and over six months before the first day of the two-day de novo hearing before the juvenile court judge. Mother testified that during this time she began to feel threatened and fearful of Father, which lead her to the realization that implementing a shared parenting plan would be unworkable since Father would not cooperate with her. Specifically, as Mother testified, "He will not cooperate. If I had a plan enforced he will not cooperate. * * * [W]e severed ties communicating because of that, because it goes to deaf ears." Mother also testified, "I don't want to have shared parenting, I want to have custody of [K.R.]."

{¶ 17} While R.C. 3109.04(D)(1)(a)(iii) requires the juvenile court to enter findings of facts and conclusions of law as to the reasons for rejecting a proposed shared parenting plan, because Mother specifically testified that shared parenting with Father was no longer feasible, thus effectively withdrawing her request, we find the juvenile court did not err by failing to approve Mother's proposed shared parenting plan, nor did the juvenile court err by

- 5 -

failing to give its reasoning for not approving such plan. *See Downey v. Downey*, 9th Dist. Summit No. 23687, 2007-Ohio-6294, ¶ 4-9 (trial court was without authority to approve a shared parenting plan that had been withdrawn "prior to the conclusion of trial and before an agreement was signed or an entry ordering shared parenting was filed"). In so holding, we note that Father never provided the juvenile court with his own proposed shared parenting plan. Therefore, Father's second assignment of error is overruled.

{¶ 18} Assignment of Error No. 3:

{¶ 19} THE TRIAL COURT ERRED IN ALLOWING THE GUARDIAN AD LITEM TO CROSS EXAMINE DURING THE TRIAL PROCEEDING.

{¶ 20} In his third assignment of error, Father argues the juvenile court erred by allowing the guardian ad litem to question witnesses since he was "advocating" for Mother to be designated residential parent and legal custodian. Father, however, never objected to the guardian ad litem's questioning, thereby forfeiting all but plain error on appeal. The plain error doctrine is not favored in civil cases, and therefore, its application must be limited to only "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

{¶ 21} After a thorough review of the record, we find this is not one of those extremely rare cases where exceptional circumstances require a finding of plain error. In reaching this decision, we note that the juvenile court's entry appointing the guardian ad litem specifically stated that he was to "provide representation of the child" at any and all juvenile court proceedings. That is exactly what the guardian ad litem did here, and for which the juvenile court explicitly informed Father while Father was being questioned by the guardian ad litem. As the juvenile court stated:

THE WITNESS: Excuse me, Your Honor, is [the guardian ad litem] representing [Mother], is that what's going on?

THE COURT: He [is] representing the best interest of the child.

THE WITNESS: Okay.

THE COURT: And he'll ask [Mother] questions when she testifies.

THE WITNESS: Okay, I got it.

Nothing about this was improper. *See In re E.S.*, 6th Dist. Ottawa Nos. OT-14-008, OT-14-009, OT-14-011, and OT-14-012, 2014-Ohio-3067, ¶ 57 (juvenile court did not commit plain error by permitting guardian ad litem to question witnesses and make closing argument where guardian ad litem was appointed as both attorney and guardian for the children). Therefore, because we find no error in the juvenile court's decision, let alone plain error, Father's third assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.