[Cite as *Denier v. Carnes-Denier*, 2016-Ohio-4998.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CHARLES P. DENIER, | : | |
| | | CASE NO. CA2015-11-106 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 7/18/2016 |
| - vs - | | |
| | : | |
| CARRIE D. CARNES-DENIER, | : | |
| Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 12DR35897

John D. Smith Co., L.P.A., Mark Webb, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellee

Rollman, Handrof & Conyers LLC, Jeffrey M. Rollman, 5740 Gateway Boulevard, Suite 202, Mason, Ohio 45040, for appellant

AWK Legal LLC, Tyler Webb, 423 Reading Road, Mason, Ohio 45040, Guardian Ad Litem

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Carrie Carnes-Denier ("Mother"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, following her divorce from Charles Denier ("Father"). For the reasons detailed below, we affirm.

{¶ 2} Father and Mother are former spouses and have three children by issue of their

marriage: (1) 13-year-old, Ch.D., (2) 11-year-old, Co.D., and (3) 5-year-old, Ca.D. The parties were divorced in a final judgment entry filed on September 10, 2014, which named Mother residential parent and legal custodian of the children.

{¶ 3} The record reflects that Mother and Father have a strained relationship and Father has alleged that Mother has alienated the children from him. The divorce decree included a parenting schedule providing for a gradual increase in Father's parenting time to work towards reunification with the children. Efforts towards reunification at that time were not successful and Mother was ultimately found to be in contempt of court in a magistrate's decision issued on April 17, 2015.

{¶ 4} This appeal arises from Father's motion for custody of the children, Mother's motion to terminate Father's visitation, and Father's motion for shared parenting. A hearing on the matter was held before a magistrate where ample testimony was presented regarding the issues between Mother and Father and their respective ideas on the best interests of the children. The matter is complicated by the fact that the older children, Ch.D. and Co.D., do not have any interest in having a relationship with Father and further efforts towards reunification will need to be gradual. In addition, Co.D. and Ca.D. have both been diagnosed with Sensory Perception Disorder ("SPD") and require extra attention in the handling of everyday tasks.

{¶ 5} Following the hearing, the magistrate issued a decision adopting a shared parenting plan. Under this plan, Father was named the residential parent for Ca.D. and was also named the responsible party for making medical decisions. The trial court also included a gradual process of reunification between Father and Ch.D. and Co.D. Mother filed objections to the magistrate's decision, which the trial court overruled. Mother now appeals from the trial court's decision, raising five assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THAT THE TRIAL COURT ERRED WHEN IT ENTERED AN INTERIM ORDER IMMEDIATELY AFTER THE MAGISTRATE'S DECISION AND MADE THAT INTERIM ORDER AUTOMATICALLY RENEWABLE.

{¶ 8} In her first assignment of error, Mother alleges the trial court erred by issuing an interim order that was automatically renewable. However, we find Mother's arguments on this issue are moot. An issue is moot when the issues presented are no longer "live," or have no practical significance, being instead merely hypothetical or academic. *Dunaway v. Dunaway*, 12th Dist. Warren No. CA2014-08-113, 2015-Ohio-1604, ¶ 15; *Nolan v. Nolan*, 4th Dist. Scioto No. 11CA3444, 2012-Ohio-3736, ¶ 19. Here, the arguments raised by Mother related to the interim order are moot because "interim order[s] terminate [ ] upon the court's entry of final judgment." *Nemeth v. Nemeth*, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263, ¶ 28; *Nolan* at ¶ 19. As previously noted, the trial court entered a final judgment in this case and any decision reached on the interim orders would have no practical effect on the proceedings. Accordingly, Mother's first assignment of error is moot.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE COURT ERRED BASED ON THE MANIFEST WEIGHT OF THE EVIDENCE AND THE DECISION WAS CONTRARY TO LAW WHEN IT ORDERED SHARED PARENTING.

{¶ 11} Assignment of Error No. 5:

{¶ 12} THE COURT ERRED WHEN IT CHANGED MEDICAL DECISIONS TO CHARLES AS IT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

{¶ 13} In her second assignment of error, Mother argues the trial court erred when it ordered shared parenting. In her fifth assignment of error, Mother alleges the trial court erred by naming Father as the party responsible for medical decisions of Ca.D. As both issues relate to the weight of the evidence, we will address them together.

{¶ 14} R.C. 3109.04 governs the award of parental rights and responsibilities. In making this determination, the trial court's primary concern is the best interest of the child. *Rainey v. Rainey*, 12th Dist. Clermont No. CA2010-10-083, 2011-Ohio-4343, ¶ 12. In order to determine the best interest of a child, R.C. 3109.04(F)(1) requires the trial court to consider all relevant factors. *Bristow v. Bristow*, 12th Dist. Butler No. CA2009-05-139, 2010-Ohio-3469, ¶ 8. These factors include, but are not limited to (1) the wishes of the parents, (2) the child's interaction and interrelationship with his parents, siblings, and other persons who may significantly affect the child's best interest, (3) the child's adjustment to home, school and community, (4) the mental and physical health of all persons involved, and (5) the likelihood that the caregiver would honor and facilitate visitation and parenting time. *In re K.R.*, 12th Dist. Clermont No. CA2015-06-049, 2016-Ohio-2775, ¶ 9.

{¶ 15} With regard to whether shared parenting is in the child's best interest, the court must consider the additional factors set forth in R.C. 3109.04(F)(2). These factors include (1) the ability of the parents to cooperate and make decisions jointly, (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent, (3) any history or potential for abuse, (4) the geographic proximity of the parents to one another, (5) and the recommendation of the guardian ad litem. R.C. 3109.04(F)(2)(a)-(e).

{¶ 16} An appellate court will not disturb a trial court's decision with regard to the allocation of parental rights and responsibilities absent an abuse of discretion. *Rainey* at ¶ 15. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When reviewing a trial court's decision, an appellate court "may not substitute its judgment for that of the trial court because the 'discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's

determination will have on the lives of the parties concerned.'" *Renner v. Renner*, 12th Dist. Clermont No. CA2014-01-004, 2014-Ohio-2237, ¶ 16, quoting *Caldwell v. Caldwell*, 12th Dist. Clermont Nos. CA2008-02-019 and CA2008-03-021, 2009-Ohio-2201, ¶ 15.

{¶ 17} As it relates to a manifest weight of the evidence challenge, "a reviewing court must determine whether the finder of fact, in resolving conflicts in the evidence, clearly lost his way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *In re K.R.*, 2016-Ohio-2775 at ¶ 10. In making this determination, "an appellate court is guided by the presumption that the trial court's findings were correct." *Id.* "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." *In re T.M.*, 12th Dist. Butler No. CA2007-01-019, 2007-Ohio-6034, ¶ 28, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶ 18} In her argument, Mother essentially restates the factual position that she held at trial. To that end, Mother alleges that it was error for the trial court to "abruptly change [Ca.D.'s] living arrangements," and also "t[ake] away the therapist and doctors with whom he had become very comfortable." Mother also alleges that the trial court failed to consider the statutory factors for implementing a shared parenting plan. Specifically, Mother notes that the trial court implemented shared parenting even though Mother and Father do not cooperate with each other, live at least 90 miles apart, and Mother claims a history of abuse.

{¶ 19} After a thorough review of the record, and contrary to Mother's arguments, we find the trial court's decision was supported by a substantial amount of credible and competent evidence. The record reflects that the trial court was faced with a very grave situation and heard testimony that Mother may be alienating the children from Father, interfering with Father's parenting time, and may be fostering unhealthy habits with the children. The guardian ad litem ("GAL") appointed in this case recommended shared

parenting, while recognizing the very difficult situation presented to the court. However, based on his many concerns with the children's well-being, the GAL testified that shared parenting was appropriate and recommended that Father immediately begin spending more time with Ca.D., while gradually increasing the amount of time that Ch.D. and Co.D. spend with Father in the hopes of achieving reunification.

{¶ 20} Of the specific concerns with the children, the GAL noted that Ch.D. would report his accusations against Father "almost in list form" and was "hyper-focused on telling [the GAL] every possible bad act he believed his father ever committed." Furthermore, the GAL noted that the boys have had minimal involvement with their community and, despite being very intelligent, their school attendance and academic performance is very poor. There were additional concerns that Ca.D. is developing unhealthy eating habits and has developed dental problems so severe that his baby teeth are rotting and will need to be surgically removed. While Mother believes that the behavior of Co.D. and Ca.D. is related to their diagnoses with SPD, the GAL expressed concern that Mother may use the SPD diagnoses as a "crutch." To the contrary, the GAL testified that he has no concerns about Father's parenting skills. The testimony also indicates that Father understands the SPD diagnosis and has been accommodating and appropriate in light of that disorder.

{¶ 21} Although the trial court noted the extremely strained relationship between Mother and Father and the distance between the parties, the trial court found that those issues would not be insurmountable to a shared parenting arrangement. In light of the foregoing, we simply cannot say the trial court's decision was an abuse of discretion, nor can we say the trial court's decision was against the manifest weight of the evidence. Therefore, because we find no error in the trial court's decision, Mother's second and fifth assignments of error are overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE COURT ERRED AS A MATTER OF LAW WHEN IT STATED THAT IF PARENTING DOES NOT PROGRESS THE SERVICES OF THE CHILDREN SERVICES MAY BE NECESSARY.

{¶ 24} In her third assignment of error, Mother claims the trial court erred by stating that Children's Services intervention may be necessary if no progress has been made in efforts towards reunification with Father and his two older children, Ch.D. and Co.D, by the time of the next review hearing. This issue is not ripe for review.

{¶ 25} To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication. *Stewart v. Stewart*, 134 Ohio App. 3d 556, 558-59 (4th Dist.1999). In general, a "claim that rests upon 'future events that may not occur at all, or may not occur as anticipated,'" is not considered ripe for review. *Id.*, quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998).

{¶ 26} In the present case, the magistrate's statement with respect to hypothetical intervention of a children's services agency does not present a ripe issue for this court to review. Simply stated, the magistrate's decision reflects an appropriate concern with the lack of progress in the case. As there is no issue to rule upon, we dismiss Mother's third assignment of error, as it is not ripe for review.

{¶ 27} Assignment of Error No. 4:

{¶ 28} THE COURT ERRED IN ITS QUESTIONING OF CARRIE AMOUNTED TO PLAN ERROR [SIC].

{¶ 29} In her fourth assignment of error, Mother alleges the trial court erred by "extensively" questioning her during her testimony, which went "beyond what is appropriate in a case." We find Mother's assignment of error is without merit.

{¶ 30} Evid.R. 614(B) provides that the court "may interrogate witnesses, in an impartial manner, whether called by itself or a party." *Syslo v. Syslo*, 6th Dist. Lucas No. L-01-1273, 2002-Ohio-5205, ¶ 83. Unless there is a showing of bias, prejudice, or prodding of a witness to elicit partisan testimony, it is presumed that the trial court acted impartially in questioning a witness as to a material fact or to develop the truth. *In re T.H.*, 5th Dist. Richland No. 2010-CA-0011, 2010-Ohio-2336, ¶ 31. *See State v. Roark*, 12th Dist. Warren No. CA2012-04-036, 2013-Ohio-217, ¶ 33. Therefore, an appellate court must determine whether the trial court's questions and comments constituted an abuse of discretion. *Hamilton v. Clemans*, 121 Ohio App.3d 337, 339 (12th Dist.1997).

{¶ 31} We have reviewed the entirety of the trial transcripts and find the questions posed by the magistrate were appropriate and done in an impartial manner. Contrary to Mother's arguments, the questions asked by the magistrate were seeking clarification, or information properly at issue in the case. Moreover, Mother failed to object to any of the magistrate's questions at the time of the hearing, thus, waiving all but plain error. There is simply no error, much less plain error, in the trial court's handling of this matter. Mother's fourth assignment of error is overruled.

{¶ 32} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.